**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Beverly S. McGee, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50214 |
| | ) | |
| Rockford Mercantile Agency, Inc., | ) | |
| | ) | |
| *Defendant.* | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to dismiss [19] is granted. Plaintiff is granted leave to file an amended complaint within 21 days if counsel can do so in accordance with Rule 11 obligations.

## STATEMENT

Plaintiff, Beverly S. McGee, has sued defendant, Rockford Mercantile Agency, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"). Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is granted.

### I. ALLEGATIONS

The facts alleged in plaintiff's amended complaint are as follows. Defendant identifies itself as a full-service collection agency and is a "debt collector" as defined by § 1692a(6) of the FDCPA. Between November 2011 and August 2013, plaintiff accumulated a debt owed to Saint Anthony Medical Center in connection with medical services rendered to her over the course of several visits to the hospital. Saint Anthony Medical Center subsequently sold, assigned or transferred the debt to defendant for collection. On December 18, 2013, plaintiff filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois. Defendant asserted a pre-petition claim against plaintiff in an attempt to collect the debt. Defendant's claim was listed in "Schedule F" of plaintiff's bankruptcy petition as an unsecured claim. Defendant received notice of the bankruptcy case on or near December 18, 2013. On March 4, 2014, plaintiff's modified Chapter 13 Plan ("plan") was filed and defendant received notice on or near March 7, 2014. Defendant did not object to the plan. The plan was confirmed by the bankruptcy court on March 7, 2014. On May 1, 2014, defendant appeared in the bankruptcy case and filed a proof of claim as to the debt. Plaintiff has not reaffirmed the debt and defendant's pre-petition claim has not been declared non-dischargeable in bankruptcy. Defendant had actual knowledge that plaintiff was the debtor in a Chapter 13 bankruptcy and that she was therefore protected from any direct or indirect collection acts whatsoever by virtue of the automatic stay. Despite its knowledge of the bankruptcy case, the plan, and the automatic stay, defendant has continued to report the subject debt every month to TransUnion as an open, active, and past-due

collection account.

In Count I, plaintiff alleges that defendant violated the FDCPA by continuing to report the debt to TransUnion as "in collection" and with a past due balance despite its knowledge of the bankruptcy case. Plaintiff alleges further that, given that the debt was included and confirmed in the plan, defendant has not been entitled to collect the debt directly from plaintiff since that point and defendant's continued representations to TransUnion that the debt is "in collection" and past due are inaccurate, incomplete, or misleading.

In Count II, plaintiff alleges that defendant's reporting of the debt constitutes "conduct of any trade or commerce" as that phrase is defined or used within ICFA. Plaintiff alleges further that defendant engaged in unfair and deceptive acts or practices in violation of ICFA by continuing to represent to plaintiff, through its credit reporting to TransUnion, that it was entitled to collect the subject debt from plaintiff when it knew it was not so entitled, and defendant intended plaintiff to rely on its misrepresentations toTransUnion in order to procure payment of the subject debt.

## II. ANALYSIS

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all of the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

With regard to Count I, defendant argues that plaintiff has failed to state a claim upon which relief can be granted because courts that have considered the issue have held that reporting a loan balance as "in collection" with a past-due balance is not inaccurate or misleading where the debt has not been discharged in bankruptcy. See Jugoz v. Experian Info. Sols., Inc., No. 16-cv-05687-MMC, 2017 WL 2720184, at *3 (N.D. Cal. June 23, 2017) (finding that continuing to report the full outstanding balance of a debt, the delinquency of the debt, or both, is not incorrect or misleading, particularly where the debt has not yet been discharged by a bankruptcy court); Lugo v. Experian Info. Sols., Inc., No. 5:16-cv-04647-EJD, 2017 WL 2214641, at *4 (N.D. Cal. May 19, 2017) ("Nearly every judge in this district, including the undersigned, has held that the FCRA does not prohibit the accurate reporting of delinquent debts during the pendency of a bankruptcy action, even after a reorganization plan is confirmed." (footnote omitted)); Doster v. Experian Info. Sols., Inc., No. 16-cv-04629-LHK, 2017 WL 264401, at *6 (N.D. Cal. Jan. 20, 2017) ("[A]s a matter of law it is not misleading or inaccurate to report a delinquent debt during the pendency of a bankruptcy."); Hupfauer v. Citibank, N.A., No. 16 C 475, 2016 WL 4506798, at *4 (N.D. Ill. Aug. 19, 2016) (dismissing plaintiff's case after finding that reporting of a debt balance and monthly payments prior to discharge of the debt in bankruptcy was not inaccurate because the fact that plaintiff filed for bankruptcy and had her bankruptcy plan confirmed did not change her account conditions as they existed prior to her discharge).

In response, plaintiff relies upon Aulbach v. Experian Information Solutions, Inc., in which the Court held that "failure to report changes in the nature of debt stemming from a Chapter 13 confirmation can indeed violate the [FCRA]," but noting "at least 11 judges in its district" have ruled otherwise). 251 F. Supp. 3d 1281, 1283 (N.D. Cal. 2017). However, Aulbach is clearly the minority

view. Because a debt subject to a Chapter 13 confirmation plan is only fully extinguished after it is discharged by a bankruptcy court, this court finds persuasive the reasoning of the judges in this and other districts who have concluded that at least prior to discharge, reporting a loan balance and delinquent status per the original terms–as opposed to the modified terms of the confirmed Chapter 13 plan–is neither inaccurate nor misleading. See e.g., Hupfauer, 2016 WL 4506798, at *4.[1]

Plaintiff also attempts to allege new facts in her response brief not contained within her amended complaint. Specifically, that she made various payments that reduced the debt balance which were not reported by defendant and reflected in her credit report. The court agrees with defendant that these facts, which are not consistent with the facts currently alleged in the amended complaint, are not properly considered at this point. See Agnew v. Nat'l Collegiate Athletic Ass'n, 683 F.3d 328, 348 (7th Cir. 2012) ("[It] is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). However, plaintiff has requested leave to replead in the event that defendant's motion to dismiss is granted and that is appropriate under Rule 15. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Accordingly, Count I of plaintiff's amended complaint is dismissed without prejudice to refiling.

As for Count II, defendant argues that plaintiff has failed to state a claim under the ICFA because she has not plausibly pleaded with particularity actual damages in the form of pecuniary loss, a requisite element of an ICFA claim. See Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 739 (7th Cir. 2014) ("[T]he ICFA requires the plaintiff to show he suffered actual damage as a result of the defendant's violation of the act."). Plaintiff's insufficient response in opposition is that the court should allow her to support her claim through discovery. However, as previously indicated, plaintiff expressly requests leave to replead in the event her amended complaint is deemed insufficient and that request is granted. Consequently, Count II of plaintiff's amended complaint is dismissed without prejudice to refiling.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted and plaintiff's amended complaint is dismissed without prejudice to repleading if counsel can do so in accordance with Rule 11 obligations.

Date: 4/24/2018

ENTER:

_____
FREDERICK J. KAPALA

District Judge

---

[1]The parties do not mention that most or all of the cases they cite in support of their respective positions are actions brought under the Fair Credit Reporting Act and not the FDCPA. The court does not discern an analytical significance either as both statutes prohibit inaccurate or misleading representations of the debt and either or both statutes are typically utilized when it is alleged that there is such information in a credit report.